IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DIVISION DISTRICT OF MISSISSIPPI
OXFORD DIVISION

COLE MILLNER, on
behalf of himself and
those similarly situated                              **PLAINTIFF**

vs.                                             CASE NO.: 3:16CV077-MPM-SAA

RANGERS ENTERPRISE
SATELLITE, LLC                                        **DEFENDANT**

**COMPLAINT AND DEMAND FOR JURY TRIAL**
(Collective Action Complaint)

COMES NOW the Plaintiff Cole Millner (hereinafter "Plaintiff"), on behalf of himself and those similarly situated, by and through counsel of record, and files this Complaint against his former employer, Rangers Enterprise, LLC (hereinafter "Rangers Enterprise" or alternatively "Defendant") for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and in support thereof states as follows:

## NATURE OF LAWSUIT

1.  The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of

1

living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

4. This action is intended to include each and every satellite technician who worked for the Defendant **nationwide** at any time within the past three (3) years.

## JURISDICTION AND VENUE

5. Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA, 29 U.S.C. §216(b).

7. Venue is proper in this Court because Plaintiff either worked for Defendant within this District during the relevant time period subject to this Complaint, Defendant maintained a business operation with the District, or because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within this District.

8. The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

9. At all times material hereto, Plaintiffs were employed by Defendant as non-exempt satellite installation technicians.

10. At all material times hereto, Plaintiffs performed installation activities, on behalf of Defendant in multiple states.

11. At all material times hereto, Defendant Rangers Satellite operated and conducted business in and around Desoto County, Mississippi, as well as other locations across the country.

12. This action is intended to include each and every non-exempt employee who worked for the Defendant within the last three (3) years and who likewise were not paid overtime compensation at a rate of time and one-half their regular rate of pay for hours worked by them over forty (40) in a work week.

## COVERAGE

13. At all material times hereto (2013 - 2016), Plaintiff was an "employee" within the meaning of the FLSA.

14. At all material times hereto (2013 - 2016), Defendant was the "employer" of Plaintiffs within the meaning of the FLSA.

15. At all material times hereto (2013 - 2016), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

16. At all material times hereto (2013 - 2016), Defendant was, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

17. At all material times hereto (2013 - 2016), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

3

18. Based upon information and belief, Defendant earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto (2013 - 2016).

19. At all material times hereto (2013 - 2016), Defendant employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

20. At all material times hereto (2013 - 2016), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

   a. Operated instrumentalities of commerce;

   b. Transported goods in commerce;

   c. Used channels of commerce;

   d. Communicated across state lines; and/or

   e. Performed work essential to any of the preceding activities.

21. At all material times hereto (2013 - 2016), the work performed by Plaintiff was directly essential to the business performed by Defendant.

22. At all material times hereto (2013 - 2016), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

23. Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

24. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendant.

## FACTUAL ALLEGATIONS

25. Plaintiff reincorporates and readopts by reference the above paragraphs as fully set forth herein.

26. Defendant provides satellite installation and repair services to satellite providers in Mississippi and other states.

27. Defendant purports to contract with individuals to perform installation, repair, construction and supervisory work associated with monitoring the quality of those services.

28. Defendant pays its technician by the job (commonly referred to as "piece rate"). Defendant's technicians are required to show up at a specific time in the morning, and at such location are handed out specific orders with instructions as to specific work which must be done by that day or within a matter of hours, and each contractor is provided with specification books as to how each such installation, repair, or construction work is to be performed.

29. All of the telecommunications equipment used by the Plaintiff and those similarly situated must be picked up from a facility on Defendant's property where Defendant informs each technician of the amount of equipment needed to perform the jobs for that day.

30. Virtually all of the technicians work well over forty (40) hours per week.

31. Typically, the technicians work(ed) over fifty-five (55) hours per week without overtime compensation.

32. If Defendant, or its satellite providers, are unsatisfied with work performed by the technicians, Defendant requires such technicians to go out and correct any deficiency, and to make an repairs and on such occasions, while the technicians are not paid for their time working to correct such problems.

33. Plaintiff, Cole Millner, worked as a satellite technician for Defendant.

34. Plaintiff worked in this capacity from approximately March 2015 through August 21, 2015.

35. Plaintiff was paid "piece rate" compensation in exchange for work performed.

36. Specifically, Plaintiff's wages were based on the job performed, not the amount of hours worked whether Plaintiff worked more or less than forty (40) hours in a work week.

37. Plaintiff and those similarly situated to him routinely worked in excess of forty (40) hours per week as part of their regular job duties.

38. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to him, overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty (40) in a workweek.

39. Defendant has employed and is employing other individuals as satellite technicians who perform(ed) the same or similar job duties under the same pay provision as Plaintiff and the class members.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff and the class members performed the same or similar job duties as one another in that they provided satellite installation/repair services for Defendant.

41. All of Defendant's technicians are paid by the job.

42. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were paid by the job and not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek during the time period when they were misclassified as independent contractors. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

43. Defendant's failure to compensate employees for hours worked in excess of forty (40) hours in a workweek, as required by the FLSA, results from a policy or practice of failure to assure that satellite technicians are paid for overtime hours worked.

44. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All satellite technicians who worked at any of Defendant's facilities nationwide within the last three (3) years who were not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.**

45. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

46. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

47. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of forty (40) hours in a work week.

48. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANT

49. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-48 above.

50. Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

51. During his/their employment with Defendant, Plaintiff, and those similarly situated to him, regularly worked overtime hours but was/were not paid time and one half compensation for same.

52. Specifically, Plaintiff and those similarly situated to him were paid a "piece rate" method of payment without any additional premium payment of time and one half their regular rate of pay for hours they worked in excess of forty (40) within a workweek.

53. In addition, Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff and other similarly situated employees.

54. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff and other similarly situated employees. As a result of Defendant's willful

violation of the FLSA, Plaintiff, and those similarly situated to him, is/are entitled to liquidated damages.

55. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and those similarly situated to him, has/have suffered damages plus incurring reasonable attorneys' fees and costs.

56. Plaintiff demands a trial by jury.

### COUNT II – RECOVERY OF UNPAID MINIMUM WAGE (FEDERAL)

57. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-48 above.

58. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

59. At all relevant times, Defendant employed, and/or continues to employ Plaintiff and/or similarly situated satellite technicians.

60. As stated above, Defendant has a policy of paying Plaintiff and those similarly situated a "piece rate" method of payment regardless of the number of hours actually worked.

61. The "piece rate" paid by the Defendant would vary depending on what kind of installation or repair the Plaintiff and other similarly situated satellite technicians would perform. Plaintiff and those similarly situated often worked in excess of eighty (80) hours per week and only received the piece rate of pay without any additional compensation for the hours worked in excess of forty (40) within a week.

62. There have been many weeks where Plaintiff and those similarly situated have been paid less than the statutory minimum wage for all hours worked as a result of Defendant's piece rate method of payment.

63. Such a policy and practice violates the FLSA's minimum wage provisions.

64. Defendant's failure to pay Plaintiff and other satellite technicians the full minimum wage is a violation of 29 U.S.C. § 206.

65. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## COUNT III- DECLARATORY RELIEF

66. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-48 above.

67. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists.

68. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

69. Plaintiff may obtain declaratory relief.

70. Defendant employed Plaintiff.

71. Defendant is an enterprise.

72. Plaintiff was individually covered by the FLSA.

73. Defendant failed to pay Plaintiff for all the hours worked.

74. Plaintiff is entitled to overtime pursuant to 29 U.S.C. §207(a)(1).

75. Plaintiff and other satellite technicians are entitled to full minimum wage pursuant to of 29 U.S.C. § 206(a).

76. Defendant did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

77. Defendant did not rely on a good faith defense.

78. Plaintiff is entitled to an equal amount of liquidated damages.

79. It is in the public interest to have these declarations of rights recorded.

80. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

81. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

82. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiffs pre-judgment interest;

    f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED, this the 15th day of April, 2016.

        Respectfully Submitted,

        COLE MILLNER, on behalf of himself and those similarly situated

        */s/ Christopher W. Espy*

        **CHRISTOPHER W. ESPY, ESQ.**
        Christopher W. Espy, Esq. (MSB#: 102424)
        MORGAN & MORGAN, PLLC
        188 East Capitol Street, Suite 777
        Jackson, Mississippi 39211
        Phone: 601-718-2087
        Fax:    601-718-2102
        Email: cespy@forthepeople.com

        **ATTORNEY FOR PLAINTIFF**